# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Dan Falcon,

Plaintiff,

v.

Department of Child Safety, et al.,

Defendants.

No. CV-25-00708-TUC-AMM (MAA)

**ORDER**

On March 6, 2026, Magistrate Judge Michael A. Ambri issued a Report and Recommendation ("R&R") recommending this Court grant Defendant Department of Child Safety's ("DCS") Motion to Dismiss. (Doc. 19.) Self-represented Plaintiff Dan Falcon timely objected, and Defendant's time to respond has passed. (Doc. 20.) For the reasons discussed herein, the Court will overrule Plaintiff's objections and adopt the R&R.

## I.    Legal Standard

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court considers de novo only objections which are specific. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the Court reviews de novo those portions of the R&R to which specific objection is made); Fed. R. Civ. P. 72(b)(2) (requiring objections be "specific [and] written"). The Court reviews portions of the R&R that are not objected to for clear error. *See Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012). A district judge may

"accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. § 636(b)(1)(C).

**II.     Background**

Plaintiff brings this employment dispute against his prior-employer DCS for allegedly discriminating against him based on his race, gender, religion, and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination Act of 1967 ("ADEA"), and the Immigration Reform and Control Act ("IRCA"). (Doc. 1 at 3–6.) DCS moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 16.)

The Magistrate Judge recommends granting Defendant's motion finding DCS, a non-jural entity, cannot be sued and the Court lacks subject matter jurisdiction over Plaintiff's ADEA and IRCA claims. (Doc. 19 at 2–4.) The Magistrate Judge further found Plaintiff fails to allege sufficient facts to state a Title VII hostile work environment or retaliation claim and recommends granting leave to amend these claims. (*Id.* at 4–7.)

**III.     Discussion**

As a threshold matter, the Magistrate Judge properly found that DCS is a non-jural entity that cannot be sued. *See Nelson v. Arizona Dep't of Econ. Sec.*, No. CV-20-02178-PHX-JJT, 2021 WL 3472742, at *1–2 (D. Ariz. Aug. 6, 2021), *aff'd*, No. 21-16434, 2022 WL 4354369 (9th Cir. Sept. 20, 2022). DCS is therefore dismissed with prejudice. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment . . . is futile."). Further, the Court lacks subject matter jurisdiction over Plaintiff's ADEA claim because Congress did not abrogate the state's sovereign immunity for such claims. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) ("[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."). Likewise, the Court lacks subject matter jurisdiction over Plaintiff's IRCA claim because the statute does not give district courts jurisdiction over such claims. *See Cameron v. Bellevue Police Dep't*, No.

2:24-CV-00696-LK, 2024 WL 4592892, at *3–4 (W.D. Wash. Oct. 28, 2024) (citing 8 U.S.C. § 1324b). As such, these claims are dismissed with prejudice.

However, because naming a proper Defendant could remedy Plaintiff's Title VII claims, the Court will consider his objections.[1] Specifically, Plaintiff argues the Magistrate Judge erred in finding Plaintiff's "trainee" status was not an adverse employment action, improperly weighed the "cumulative effect of the harassment," and failed to consider as a causal link the proximity between Plaintiff contacting the Equal Employment Opportunity Commission ("EEOC") and his termination. (Doc. 20 at 1–2.)

Notably, in his objection, Plaintiff relies on factual allegations raised for the first time in his Response. (*See* Docs. 1, 17, 20.) Because "[o]rdinarily, a court may look only at the face of the complaint to decide a motion to dismiss," *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), the Court will only consider allegations made in the Complaint. Based on the Complaint, Plaintiff fails to allege facts to show Defendant's conduct was sufficiently severe or pervasive to create a hostile work environment or that such conduct was because of Plaintiff's protected characteristic. *See Sharp v. S&S Activewear, L.L.C.*, 69 F.4th 974, 978 (9th Cir. 2023) ("[A] plaintiff bringing a hostile work environment claim must show discrimination by an employer on account of membership in a protected group under 42 U.S.C. § 2000e-2(a)(1). The offensive conduct must be 'sufficiently severe or pervasive to alter the conditions of employment.'" (quoting *Christian v. Umpqua Bank*, 984 F.3d 801, 809 (9th Cir. 2020))). Moreover, for his retaliation claim, Plaintiff fails to allege sufficient facts to support he engaged in a protected activity when he made his EEOC claim. *See Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) ("[T]he opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation.").

---

[1] Plaintiff "notes for the record that he explicitly requested assignment to a District Judge" and the "issuance of a dispositive recommendation by a Magistrate Judge without Plaintiff's consent . . . is a procedural irregularity that should be noted by the Court." (Doc. 20 at 2.) This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). (*See* Doc. 14.) Plaintiff is advised that the Magistrate Judge issued an R&R for the dispositive motion in accordance with § 636, Federal Rule of Civil Procedure 72 and 72.2, and the Local Rules.

Accordingly, Plaintiff's objections are overruled. However, because Plaintiff's Title VII claims could be cured by amendment, the Court will dismiss the Complaint with leave to amend.

## IV.    Leave to Amend

On March 18, 2026, Plaintiff filed a "Second Amended Complaint." (Doc. 21.) Because this amendment was outside the time to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1), and because Plaintiff did not seek leave to amend under Rule 15(b), the Court will strike the improper pleading and give Plaintiff 30 days to file a First Amended Complaint. If Plaintiff chooses to file a First Amended Complaint, Plaintiff is advised he must serve a proper defendant according to the Federal Rules of Civil Procedure and Local Rules. *See* Fed. R. Civ. P. 4(m) (each named defendant must be served with the Summons and Complaint no later than ninety (90) days from the date your Complaint is filed, unless you obtain a waiver of service under Fed. R. Civ. P. 4(d)).

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The First Amended Complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

Plaintiff is advised that a First Amended Complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a First Amended Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

The Court is aware that Plaintiff is a self-represented litigant. He shall familiarize himself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's website at www.azd.uscourts.gov. He

is also advised that a Handbook for Self-Represented Litigants is available on the Court's website at: https://publicapps.azd.uscourts.gov/prose-survey/.

**V.    Conclusion**

The Court has reviewed the Magistrate Judge's R&R (Doc. 19), Plaintiff's objections (Doc. 20), Defendant's Motion to Dismiss (Doc. 16), Plaintiff's Response (Doc. 17), Defendant's Reply (Doc. 18), the Complaint (Doc. 1), and the record. Upon a de novo review of the objected to portions of the R&R, and clear error review of the unopposed portions, the Court adopts the R&R.

Accordingly,

**IT IS ORDERED:**

(1)    The Report and Recommendation is **ADOPTED.** (Doc. 19.)

(2)    Defendant's Motion to Dismiss is **GRANTED**. (Doc. 16.)

(3)    The Complaint is **DISMISSED WITH LEAVE TO AMEND**. (Doc. 1.)

(4)    The Clerk of Court shall **STRIKE** Plaintiff's improperly filed "Second Amended Complaint." (Doc. 21.)

(5)    Plaintiff shall have until **June 12, 2026** to file a First Amended Complaint.

(6)    If Plaintiff fails to file an Amended Complaint by the deadline, the Clerk of Court shall close this case without further notice.

Dated this 14th day of May, 2026.

Honorable Angela M. Martinez
United States District Judge